# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROGER DALE MAXWELL,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )   Case No. CIV-05-76-P |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|       **Respondent.** | ) |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institute in El Reno, Oklahoma. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-03-41-P is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-03-41-P. The records reflect Petitioner was named in a seven-count Indictment charging him with Count I: Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. § 846; Count II: Maintaining an establishment for manufacturing operations, in violation of 21 U.S.C. § 856(a)(1); Count III: Possession with Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count IV: Possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1);

Count V: Possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Counts VI and VII: Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). On January 26, 2004, Petitioner appeared before United States Magistrate Judge Stephen P. Shreder and waived jury trial and, pursuant to a written plea agreement, entered a guilty plea to Count 4 of the Indictment and was found guilty of Count 4.

On August 27, 2004, Petitioner was sentenced to a term of 160 months on Count 4. Following release from confinement, Petitioner was ordered to serve a term of supervised release of three years. Further, Petitioner was ordered to pay a special assessment of $100.00 The judgment was filed of record on May 7, 2004.

Petitioner filed this proceeding on February 18, 2005, alleging ineffective assistance of counsel at the time of his plea, at sentencing and on appeal. This Court entered an order denying relief on September 22, 2005. Petitioner appealed and, on August 4, 2006, the matter was reversed and remanded "with directions to appoint counsel and conduct further proceedings as warranted." Dkt. # 15. On August 11, 2006, this Court appointed counsel and set the matter for evidentiary hearing.

On October 13, 2006, the evidentiary hearing was held. At the hearing, Petitioner testified he had attempted to have defense counsel, Brett Smith dismissed from his case in December of 2003, the day Petitioner was returned for a competency hearing. Transcript of Evidentiary Hearing held on October 13, 2006 (hereinafter referred to as Evid. Tr.) at pp. 6-7. Petitioner testified he had problems with defense counsel because he felt he was not fighting in his behalf; he had issues with the United States Marshals, and he wanted counsel to get his

2

case set for a suppression hearing; but counsel did not believe there was a legal basis to suppress the search. Petitioner testified he again tried to have defense counsel removed from his case but he never filed this second request because a plea agreement was worked out between the parties. *Id.*, at p. 9. Petitioner indicated he was offered the plea agreement on a Friday and he did not change his plea until the following Monday. *Id.* Although Petitioner testified that he never saw defense counsel from Friday until the actual plea hearing on Monday; he spoke to defense counsel for maybe five (5) minutes prior to entering the courtroom to change his plea; that he never read the plea agreement prior to pleading guilty; that he didn't know what was in the agreement; and that defense counsel never explained the terms of the plea agreement to him, this testimony was in sharp contrast to both the testimony of Mr. Smith and the acknowledgment contained on the plea agreement which was personally signed by Petitioner. Specifically, Mr. Smith testified he met with Petitioner on several occasions; that he visited with Petitioner more than an average case, *id.*, at pp. 51 and 55; that he went over the plea agreement with Petitioner,[1] including discussing changes to the length of sentence Petitioner was facing which had been made on page 2 of the plea agreement, *id.*, at p. 67. Additionally, at the change of plea hearing, Petitioner advised the Magistrate Judge that he could "read, write and understand the English language" and that he had signed the plea agreement. Transcript of Change of Plea Hearing held on January 26, 2004 (Petitioner's Exhibit No. 3, hereinafter referred to as "Plea Tr."), at pp. 4 and 17. Further, Petitioner was advised at the time he entered his change of plea that the offense he

---

[1] *See*, Petitioner's Exhibit 2.

was entering a plea of guilty to carried a penalty of up to 20 years imprisonment. *Id*., at pp. 7 - 8. In addition, the change of plea transcript reflects that the Government estimated that Petitioner would probably be facing the statutory maximum of twenty (20) years and defense counsel advised the court it was difficult to determine the drug amounts that might be utilized from purposes of relevant conduct but he indicated he felt Petitioner would probably be a level 28, criminal history category of IV.[2] *Id.*, at p. 10. While Petitioner argues his counsel advised him his sentence would be between 5 and 10 years, this flies in the face of counsel having estimated what he hoped Petitioner's offense level would be. Furthermore, the Magistrate Judge clearly explained to Petitioner that any estimates the attorneys made regarding the sentence he might receive were only estimates and any sentence Petitioner would receive would be up the sentencing judge, subject to the federal sentencing guidelines. *Id.*, at pp. 10 -11.

Petitioner also testified he was unaware of many of the things contained in the presentence report because he couldn't read very well and counsel never went over the report with him. Evid. Tr., at pp. 5, 10, and 13. Again, defense counsel testified he met with Petitioner shortly after he received the presentence report in the mail, he visited the Petitioner in jail and went over the report with Petitioner. *Id*., at p. 54. Furthermore, defense counsel's testified that both he and Petitioner were pleasantly surprised that the sentencing guideline range in the presentence report was not as high as they had anticipated and Petitioner never

---

[2]If Petitioner had received an offense level of 28 with a criminal history of IV, his guideline offense level would have been 110-137 months.

asked his counsel to file any objections to the presentence report. *Id.*, at p. 55. Finally, Petitioner indicated he was never asked if he had any objections to the presentence report. Again, the transcript of Petitioner's sentencing hearing indicates Petitioner was provided with an opportunity to address the court about anything and he advised the Court he did not have anything to say. Transcript of Sentencing Hearing held on April 27, 2004 (Petitioner's Exhibit No. 5), at p. 5.

Finally, although Petitioner's Motion to Vacate initially argued Petitioner did not receive effective assistance of counsel on appeal, at the evidentiary hearing Petitioner's counsel advised Petitioner was no longer raising an issue regarding this issue. Rather, Petitioner is now only alleging ineffective assistance of counsel at the time of his change of plea and at sentencing. Evid. Tr., at p. 79.

As this Court has previously indicated, Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

5

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

Petitioner alleges he did not knowingly and voluntarily enter a plea of guilty to Count IV because he was not adequately advised of the consequences of his plea or the terms and conditions of his plea agreement. Based upon the record herein, this Court finds Petitioner was fully advised of the terms and conditions of his plea agreement and the potential range of punishment which he was facing upon the entering of his plea of guilty. While Petitioner did not know, at the time of his change of plea, the actual sentence he would receive, he was aware that he was facing up to twenty (20) years in prison. Furthermore, Petitioner's

6

assertion that the first time he became aware that he was facing much more than 5 to 10 years occurred when the Court imposed a sentence of 160 months is also not supported by the record herein. Defense counsel went over the presentence report with Petitioner prior to sentencing. Evid. Tr. at p. 55. The presentence report established a guideline sentencing range of 135 - 168 months. *See*, Petitioner's Exhibit No. 4, at p. 15, ¶ 62. Petitioner was sentenced to 160 months. Therefore, this Court finds Petitioner has failed to establish that he received ineffective assistance of counsel at his change of plea hearing or at the time of sentencing.

After reviewing the records herein, this Court finds Petitioner has failed to establish ineffective assistance of counsel. Accordingly, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this  8th  day of January, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma